IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL HINSBERGER, <br><br> Petitioner, <br><br> vs. <br><br> A. HERMANDEZ, Superintendent, <br><br> Respondent. | No. 3:21-cv-00113-JKS <br><br> ORDER OF DISMISSAL |

On May 8, 2021, Daniel Hinsberger, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Hinsberger challenges the 2018 judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3HO-14-00003CR, on the ground that the evidence presented was legally insufficient to sustain his convictions. *Id.* at 6.

After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the claims raised in the Petition had not be presented properly to the State courts and were therefore wholly unexhausted. Docket No. 5 at 2-3. The Court further explained that, to raise claims before this Court on federal habeas review, a petitioner ***must*** present those claims to the State courts and allow those courts to decide them in the first instance. *Id.* The Court allowed Hinsberger an opportunity to address his failure to first raise the claims in State courts, and demonstrate why this Court should nonetheless consider his

claims. *Id.* at 3-4. The deadline for Hinsberger's response has now passed, and no submission has been received.

As this Court previously explained, a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To exhaust his or her federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845. A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

By failing to respond, Hinsberger does not dispute that he has failed to exhaust the claims raised in the instant Petition by presenting them to the state courts. Nor does he demonstrate that a fundamental miscarriage of justice would result if the Court declined to consider his unexhausted Petition, or that he is actually innocent of the crimes for which he was convicted.

The record here does not permit the Court to conclude that Hinsberger is foreclosed, as a matter of state law, from exhausting the claims raised in the Petition. In the event Hinsberger intends to attempt to pursue these claims, or is in the process of pursuing them, a dismissal without prejudice here allows him the opportunity to do so.[1]

---

[1] Mr. Hinsberger is reminded, however, that he should not return to this Court until he has fully exhausted any claims he wishes to raise in this Court by presenting them *first* to the Alaska state courts.

**IT IS THEREFORE ORDERED:**

1. The Petition is **DISMISSED WITHOUT PREJUDICE.**

2. All pending motions are **DENIED AS MOOT**.

3. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

4. The Clerk of Court is respectfully directed to enter final judgment in this case.

Dated at Anchorage, Alaska this 28th day of June, 2021.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
